IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PATRICE ANDERSON AND GREGORY ANDERSON**, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:13-CV-4025-L** |
| **DEUTSCHE BANK NATIONAL TRUST COMPANY,** | § § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs filed this mortgage foreclosure case on October 4, 2013. In their "Petition in the nature of a Quiet Title Action and Claim/Emergency Motion for Preliminary Injunction" ("Complaint") (Doc. 3), Plaintiffs assert a quiet title claim and request injunctive relief. There are four prerequisites for the extraordinary relief of preliminary injunction or temporary restraining order. A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails

to meet *any* of the four requirements, the court cannot grant the temporary restraining order or preliminary injunction.

Because a preliminary injunction is considered an "extraordinary and drastic remedy," it is not granted routinely, "but only when the movant, by a clear showing, carries the burden of persuasion." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985). The decision to grant or deny preliminary injunctive relief is left to the sound discretion of the district court. *Mississippi Power & Light Co.*, 760 F.2d at 621. Even when a movant establishes each of the four *Canal* requirements, the decision whether to grant or deny a preliminary injunction remains discretionary with the court, and the decision to grant a preliminary injunction is treated as the exception rather than the rule. *Mississippi Power & Light*, 760 F.2d at 621.

Plaintiffs' Complaint is devoid of any factual allegations and instead consists of a compilation of formulaic legal arguments. Moreover, Plaintiffs' request for injunctive relief is not supported by any evidence. Accordingly, Plaintiffs have not met their burden of establishing any of the requirements for a preliminary injunction or temporary restraining order. The court therefore **denies** Plaintiffs' Emergency Motion for Preliminary Injunction. Further, Plaintiffs **shall** comply with the Deficiency Order entered by United States Magistrate Judge Renee Harris Toliver (Doc. 5). Failure to do so will result in dismissal of this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**It is so ordered** this 7th day of October, 2013.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 2**